01

02

03

04

05

06                               UNITED STATES DISTRICT COURT
                                 WESTERN DISTRICT OF WASHINGTON
07                                        AT SEATTLE

08  MAUDO L. FOFANA,                        )   CASE NO. C05-1775-RSM
                                            )
09          Petitioner,                     )
                                            )
10      v.                                  )   REPORT AND RECOMMENDATION
                                            )
11  MICHAEL MELENDEZ, et al.,               )
                                            )
12          Respondents.                    )
    _____ )
13

14                  I.  INTRODUCTION AND SUMMARY CONCLUSION

15          On November 2, 2005, petitioner filed, pro se, a Petition for Writ of Habeas Corpus

16  pursuant to 8 U.S.C. § 2241, challenging his continued detention while in removal proceedings

17  on the basis that the Department of Homeland Security ("DHS") violated his Fourteenth

18  Amendment right to due process.  (Dkt. #5).  Petitioner alleges that he was improperly denied

19  release on bond pending his appeal because the DHS did not meets its burden of proving that he

20  is a flight risk or that he poses a danger to the community.  (Dkt. #5 at 10-11).  Petitioner requests

21  release from detention pending the appeal of his removal order.  (Dkt. #5 at 13).  Respondents

22  argue that petitioner is not eligible for bond and that his continued detention is lawful.  (Dkt. #16).

REPORT AND RECOMMENDATION
PAGE -1

01 Respondents further argue that the discretionary decision by the DHS to detain petitioner is not

02 subject to judicial review. *Id.*

03         Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

04 (Dkt. #5) be DENIED and respondents' motion to dismiss (Dkt. #16) be GRANTED.

05 II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

06         On February 16, 2002, petitioner entered the United States at New York, New York using

07 a Gambian passport under the name Muhammad Fofana. (Dkt #18 at R114, R169, L215-17).

08 The passport listed petitioner as a native and citizen of Gambia with a date of birth of August 10,

09 1970. *Id.* Petitioner was admitted to the United States as a B-2 non-immigrant visitor for

10 pleasure. *Id.*

11         On February 13, 2003, petitioner filed an application for asylum under the name Maudo

12 Fofana. (Dkt. #18 at L173-83, L311). Although petitioner was admitted as a B-2 visitor with a

13 Gambian passport, he claimed that he was a citizen of Sierra Leone, and was born on January 7,

14 1972. *Id.*

15         On August 11, 2004, the U.S. Immigration and Customs Enforcement ("ICE") issued a

16 Notice to Appear, placing petitioner in removal proceedings and charging him with removal under

17 Section 237(a)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(A),

18 as an alien who was inadmissable at the time of his admission for not having a valid immigration

19 visa or other valid entry document. (Dkt. #18 at L 154-55). On November 14, 2004, petitioner

20 was arrested and taken into custody by the FBI, and charged with the crime of Fraud Related to

21 Immigration Documents under 18 U.S.C. § 1546(a), for knowingly and falsely making an asylum

22 application. (Dkt. #18 at L241-50). On December 3, 2004, petitioner was transferred to ICE

REPORT AND RECOMMENDATION
PAGE -2

01    custody pursuant to an arrest warrant.  (Dkt. #18 at R111-14).  ICE determined that petitioner

02    should remain detained, finding that he is likely to abscond and is a flight risk.  (Dkt. #18 at R112-

03    13).  Petitioner requested a bond redetermination hearing before an Immigration Judge ("IJ").

04    (Dkt. #18 at L6).  On December 9, 2005, the IJ denied petitioner bond.  (Dkt. #18 at L16).

05    Petitioner appealed the IJ's bond decision to the Board of Immigration Appeals ("BIA").  (Dkt.

06    #18 at R129-30).  On March 8, 2005, the BIA affirmed the IJ's order denying bond.  (Dkt. #18

07    at R281-82).

08           On July 11, 2005, petitioner appeared, with counsel, for a master hearing before an IJ.

09    (Dkt. #18 at R287).  At the hearing, petitioner admitted that he entered the United States on

10    February 16, 2002, as a B-2 visitor using a Gambian passport under the name of Muhammad

11    Fofana.  Petitioner subsequently submitted an application for asylum under the name Mauda

12    Fofana, asserting that he was a citizen of Sierra Leone.  (Dkt. #16, Ex. A at 4).  On August 3,

13    2005, the IJ pretermitted petitioner's application for asylum, finding that petitioner knowingly

14    submitted a frivolous asylum application using counterfeit Sierra Leone identity documents, and

15    ordering petitioner removed from the United States to Gambia for failing to possess a valid

16    immigration visa.  (Dkt. #18 at R291-304).  On August 25, 2005, petitioner appealed the IJ's

17    order of removal to the BIA.  (Dkt. #18 at R307-10).  Petitioner's appeal remains pending with

18    the BIA.

19           On November 9, 2005, petitioner pled guilty to the crime of Fraud Related to Immigration

20    Documents in violation of 18 U.S.C. § 1546(a).  (Dkt. #16, Ex. A).  In the plea agreement,

21

22

REPORT AND RECOMMENDATION
PAGE -3

01  petitioner admitted to knowingly and falsely making an asylum application.  *Id*. at 4.[1]

02        On November 2, 2005, petitioner filed the instant habeas petition, challenging his

03  continued detention.  (Dkt. #5).  On December 8, 2005, respondents filed a return memorandum

04  and motion to dismiss.  (Dkt. #16).  On December 28, 2005, petitioner filed a traverse to

05  respondents' motion to dismiss.  (Dkt. #21).

06  III.  <u>DISCUSSION</u>

07        Petitioner challenges his continued detention by ICE, arguing that his detention without

08  bond violates his right to due process.  Petitioner claims that he was improperly denied release on

09  bond because respondents did not meet their burden of proving that he is a flight risk or a danger

10  to the community.  (Dkt. #5 at 10-11).  Respondents argue that petitioner's claims are without

11  merit.  Respondents further argue that the Court lacks jurisdiction to review the discretionary

12  decision by ICE to continue to detain petitioner, citing INA § 242(a)(2)(B)(ii), 8 U.S.C. §

13  1252(a)(2)(B)(ii), in support of their argument.

14        As a threshold matter, the Court finds that it has jurisdiction to review petitioner's

15  detention challenge.  Section 242(a)(2)(B)(ii) provides that "no court shall have discretion to

16  review – . . . any other decision or action of the Attorney General or the Secretary of Homeland

17  Security the authority for which is specified under this subchapter to be in the discretion of the

18  Attorney General or the Secretary of Homeland Security. . ." 8 U.S.C. § 1252(a)(2)(B)(ii).  Here,

19  however, petitioner does not seek review of the Attorney General's exercise of discretion, but

20

21        [1] Petitioner subsequently filed a motion to withdraw his guilty plea.  (CR 04-511R, Dkt.
22  #166).  On February 7, 2006, following a hearing on the merits, the Honorable James L. Robart
denied petitioner's motion to withdraw his guilty plea.  (CR 04-511R, Dkt. #176).

REPORT AND RECOMMENDATION
PAGE -4

01  raises a constitutional challenge to his continued detention by the Attorney General without bond.

02  Accordingly, the Court does not find that section 242 limits its jurisdiction in this case. *See INS*

03  *v. St. Cyr*, 533 U.S. 289, 121 S. Ct. 2271, 2281 (2001).

04       A. <u>Detention</u>

05       Section 236(a) of the INA provides as follows:

06       [A]n alien may be arrested and detained pending a decision on whether the alien is to
         be removed from the United Stated. . . . [P]ending such decision, the Attorney

07       General – (2) may release the alien on . . . bond of at least $1,500.

08  INA § 236(a), 8 U.S.C. § 1226(a). Generally, bond should be granted unless there is a finding that

09  the alien is a threat to national security, likely to abscond, or a poor bail risk. *Matter of Patel*, 15

10  I&N Dec. 666 (BIA 1976). Thus, if the alien is not a danger to the community or likely to

11  abscond, he should be released on bond. Criteria that may generally be considered for bond under

12  *Matter of Patel* are:

13           a. local family ties;

14           b. prior arrest, convictions, appearances at hearings;

15           c. employment or lack of employment;

16           d. membership in community organizations;

17           e. manner of entry and length of time in the U.S.;

18           f. immoral acts or participation in subversive activities;

19           g. financial ability to post bond.

20  *Matter of Patel*, 15 I&N Dec. at 666.

21       Petitioner argues that he has been denied due process, asserting that respondents have not

22  met their burden of proving he is a flight risk or poses a danger to the community. (Dkt. #5 at 10).

REPORT AND RECOMMENDATION
PAGE -5

01  Contrary to petitioner's argument, he requested and was denied bond by DHS, the IJ, and the BIA

02  on the basis that he is a flight risk.   After being detained, petitioner requested a bond

03  redetermination hearing on December 8, 2004.   On December 13, 2004, an individual bond

04  redetermination hearing was held before an IJ. (Dkt. #18 at L15).   On January 19, 2005, the IJ

05  issued an order denying bond, finding that petitioner was a flight risk and a danger to the

06  community. (Dkt. #18 at L16).   The IJ's bond order states, in part, as follows:

07  In terms of community ties, respondent claims to have a cousin [in New York] City
    and [] an uncle in Philadelphia.  It is quite significant that he has chosen to reside on
08  the opposite coast of this country from them.  In terms of property ownership, he
    asserts he only has a 1987 Sentra.  He is single and has no children.  After his arrest
09  on the above charge, DHS held him on a no bond. I concur. I believe this respondent
    to be a flight risk and a danger to the community given the representations made in
10  the affidavit of probable cause as filed of record.

11  *Id*.  The IJ further noted:

12  In addition, he is charged in acting in concert with others in terms of a sophisticated
    scheme to violate the federal criminal law.  I understand that respondent has denied
13  his guilt, but I view these as extremely serious charges.

14  *Id*.  Petitioner appealed the IJ's bond decision to the BIA. (Dkt. #18 at R129-30).   On March 8,

15  2005, the BIA affirmed the IJ's order denying bond, finding petitioner to be a flight risk. (Dkt.

16  #18 at R281).   Thus, petitioner requested and was denied bond by the IJ, following a bond

17  hearing, and by the BIA on the specific finding that he is a flight risk.   Accordingly, petitioner has

18  failed to show that he has been deprived of constitutional due process protections.

19        In his traverse, petitioner also argues that his detention is unlawful because respondents

20  have been unable to obtain travel documents for his removal to Gambia or Sierra Leone.

21  Petitioner relies on the Supreme Court's statement in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.

22  Ct. 2491, 150 L. Ed. 2d 653 (2001), that "once removal is no longer reasonably foreseeable,

REPORT AND RECOMMENDATION
PAGE -6

01  continued detention is no longer authorized by statute." (Dkt. # at 8, 12, 27). Petitioner's reliance

02  on *Zadvydas* is mistaken. *Zadvydas* addressed the issue of detention beyond the 90-day statutory

03  removal period under INA § 241, 8 U.S.C. § 1231.  In the instant case, a final order of removal

04  has not yet been entered, and petitioner remains detained "in proceedings" under INA § 236(a).

05  Since the 90-day statutory removal period has not yet commenced,     *Zadvydas* is inapplicable.

06  Therefore, the Court rejects petitioner's allegation that his continued detention is unlawful.

## IV.  CONCLUSION

08          For the foregoing reasons, I recommend that respondents' motion to dismiss be granted,

09  and that the action be dismissed.   A proposed Order accompanies this Report and

10  Recommendation.

11          DATED this  6th  day of  April , 2006.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -7